# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20409

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

TAMNY DENISE WESTBROOKS, also known as Tammy Westbrooks, also known as Tammy Westbrook,

      Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-355-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before STEWART, Chief Judge, and HIGGINBOTHAM and COSTA, Circuit Judges.

PER CURIAM:[*]

      A jury convicted Tamny Denise Westbrooks of one count of obstructing the tax laws and three counts of filing fraudulent tax returns. We affirmed all four convictions. 858 F.3d 317 (5th Cir. 2017). On the obstruction count, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rejected Westbrook's argument that 18 U.S.C. § 7212(a) only reaches conduct that interferes with an ongoing IRS proceeding. *Id.* at 322–24. In a case in which the Second Circuit had adopted that same view, the Supreme Court held that the tax obstruction statute does require that the obstructive conduct occurr during the pendency of a "particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action," *Marinello v. United States*, 138 S. Ct. 1101, 1109 (2018), or at least when such an IRS action is foreseeable to the defendant, *id.* at 1110. The Supreme Court then granted the petition for certiorari in this case, vacated our prior judgment, and remanded for reconsideration in light of *Marinello*.

The government concedes that the obstruction conviction is no longer valid. It correctly points out that at least one aspect of the obstruction allegations—that Westbrook provided false testimony at a show cause hearing in federal court—satisfies the proceeding requirement as that hearing was held to assess her compliance with an IRS subpoena for tax records. But most of the other alleged obstruction, which focused on her paying employees in cash and failing to keep adequate records, does not satisfy *Marinello*. Because the jury believed it could consider all of this conduct as part of the obstruction count, and we do not know which of the allegations it found to be proven, the obstruction conviction must be vacated.

The disagreement between the parties is about what the vacatur of the obstruction conviction means for the three "false return" convictions. Westbrook contends that the improper obstruction count contaminated the false return counts. This same argument about "spillover prejudice" was raised in Governor Edwin Edwards's appeal of his convictions because an intervening Supreme Court decision had invalidated the legal basis for some of the mail fraud counts. *United States v. Edwards*, 303 F.3d 606, 638–40 (5th Cir. 2002) (citing *Cleveland v. United States*, 531 U.S. 12 (2000)). We noted

that the concept came from cases challenging a failure to grant a pretrial severance, and we had never decided whether "spillover from invalid claims can be a basis for granting a new trial." *Id.* at 639. We did not resolve that question in *Edwards* because even assuming the theory applied in this "retroactive misjoinder" situation, the improper taint exists only if the counts the jury should not have heard allowed the introduction of evidence that would not have otherwise been admissible. *Id.* at 640. That was not the case in *Edwards*, *id.*, and it is not the case here. Evidence concerning cash payments, shoddy or nonexistent bookkeeping, and prior false returns was admissible even without the obstruction count as either intrinsic to the false return counts or permissible Rule 404(b) evidence that showed Westbrooks' plan, fraudulent intent, and absence of mistake. *United States v. Morgan*, 117 F.3d 849, 861 (5th Cir. 1997); FED. R. EVID. 404(b). The testimony about Westbrook's false testimony at the show cause hearing was, as we have already explained, a permissible basis for the obstruction count and, even if not, would have been admissible as probative of Westbrook's intent. Because the now-invalid obstruction count did not allow the jury to consider evidence that would not have been allowed at a trial focused on just the false return counts, the latter will not be vacated. *Edwards*, 303 F.3d at 640.

The final question relates to the sentences for those false return convictions we are upholding. The government agrees that we should vacate those sentences and remand for resentencing in light of the vacatur of the obstruction count. That new sentencing will include but not be limited to reconsideration of the restitution amount which the government concedes should be reduced as it included amounts based on returns filed only during the time period covered by the obstruction count.

No. 16-20409

**\* \* \***

The conviction on Count One is VACATED. The sentences for Counts Two through Four are VACATED. The case is REMANDED for resentencing and entry of judgment consistent with this opinion.